UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MELANIE MIX, *et al.* | Case No.: 2:06-cv-00411-RLH-LRL |
| Plaintiffs, | **O R D E R** |
| vs. | (Motion to Dismiss–#17 |
| SALLYE JONES-JOHNSON, *et al*. | Motion to Dismiss-#30) |
| Defendants. | |

Before the Court is Defendants Susan Klein-Rothchild ("Rothchild") and Sharon Hidveghy's ("Hidveghy") **Motion to Dismiss** (#17), filed June 8, 2006. The Court has also considered Plaintiffs' Opposition (#18), filed June 20, 2006; Defendants' Errata to Motion to Dismiss (#19), filed July 3, 2006; and Defendants' Reply (#20), filed July 3, 2006.

Also before the Court is Defendant Clark County's **Motion to Dismiss** (#30), filed August 14, 2006. The Court has also considered Plaintiffs' Opposition (#31), filed August 21, 2006, and Defendant's Reply (#32), filed September 5, 2006.

**BACKGROUND**

Plaintiff Farrah Banks ("Banks") was the natural mother of Jushai Spurgeon ("Decedent"). Decedent, a fifteen month-old child, was removed from the custody of his parents due to child neglect. On or about December 27, 2004, pursuant to a child protection proceeding,

Decedent was placed in the foster care home of Defendant Sallye Jones-Johnson ("Jones-Johnson"), who was licensed by the Clark County Department of Family Services ("CCDFS"). CCDFS, a division of the Department of Social Services of Clark County, Nevada, is an agency authorized by the laws of Nevada to place and board children in foster care away from their homes. CCDFS has the responsibility to provide care, supervision, and services to the children in foster care.

At the time of Decedent's placement into Jones-Johnson's home, Rothchild was charged with the responsibility of carrying out the functions of the CCDFS, including its foster care home program. Also, at that time, Hidveghy was a supervisor employed by CCDFS. Hidveghy allegedly supervised the foster care placement and the licensing of foster care homes and parents. On or about April 3, 2005, Decedent while in Jones-Johnson's care was subjected to severe abuse resulting in his death.

On April 3, 2006, Plaintiffs, Melanie Mix, Special Administratrix of the Estate of Decedent, and Banks brought suit against, *inter alios*, Rothchild, Hidveghy, and Clark County (collectively "Defendants") asserting claims under 42 U.S.C. § 1983 and Nevada state law. Defendants responded by filing the instant Motions to Dismiss Plaintiffs' complaint pursuant to the Federal Rules of Civil Procedure, alleging that Plaintiffs have failed to state a claim upon which relief can be granted.[1]

////

////

---

[1] Defendants move to dismiss Plaintiffs' complaint pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(5) for failure to state a claim upon which relief can be granted. The Court notes that Rule 12(b)(5) provides that a Motion can be made for insufficiency of service of process, and that Rule 12(b)(6) provides that a Motion can be made for failure to state a claim upon which relief can be granted. It appears that Defendants mistakenly asserted Rule 12(b)(5), and intended to assert their Motions pursuant to Rule 12(b)(6). For that reason, the Court will discuss the instant Motions pursuant to Rule 12(b)(6)'s failure to state a claim standard.

**DISCUSSION**

**I. Motion to Dismiss Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Yamaguchi v. U.S. Dept. of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). All factual allegations set forth in the complaint "are taken as true and construed in the light most favorable to [p]laintiffs." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

A complaint, in accordance with Rule 8(f) of the Federal Rules of Civil Procedure, must be "construed as to do substantial justice." A claimant is not required to set forth in detail the facts upon which he bases his claim, instead the Rules only require "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. at 1481; *see also* Fed. R. Civ. P. 8(a).

**II. 42 U.S.C. § 1983**

Plaintiffs' suit is brought pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, [] [P]laintiff must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Liability under § 1983 may be imposed on local governments when their policies or customs cause their employees to violate another's constitutional rights. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). A local government, however, will not be held liable for actions of an employee under a

1  respondeat superior theory. *Id*. at 694.

2  Even if a municipality's policies or customs are valid, a plaintiff "can allege that
3  through its *omissions* the municipality is responsible for a constitutional violation committed by
4  one of its employees, even though . . . the municipality did not direct the employee to take the
5  unconstitutional action, and the municipality did not have the state of mind required to prove the
6  underlying violation." *Gibson*, 290 F.3d at 1186 (citing *City of Canton, Ohio v. Harris*, 489 U.S.
7  378, 387-89 (1989)).  Through this form of liability, the "plaintiff must show that the
8  municipality's deliberate indifference led to its omission and that the omission caused the
9  employee to commit the constitutional violation." *Id*.

10  Plaintiffs' complaint contains eight counts for relief, none of which are labeled as to
11  identify which counts are pursuant to § 1983 or those that are asserted pursuant to state law.
12  Nonetheless, Defendants argue that Plaintiffs have failed to plead a proper § 1983 action and are
13  instead merely disguising state negligence claims as civil rights claims.

14  **A. Constitutional Violations**

15  Plaintiffs base their § 1983 claim on the alleged violation of Decedent's Fourth,
16  Fifth, and Fourteenth Amendment rights.  Plaintiffs specifically assert that Decedent had a
17  constitutional right: (1) to be free from unjustified intrusions on his personal security, in the form
18  of physical abuse, while in state custody; (2) to be placed by his state custodians in a safe, non-
19  violent environment; and (3) to be protected from physical injury while in state custody. (Pls.'
20  Compl.¶ 20-22. ) These rights were allegedly violated when, *inter alia*, Defendants improperly
21  investigated and authorized Jones-Johnson to be licensed as a foster parent, and when Defendants
22  failed to supervise and protect Decedent while in the care of Jones-Johnson.

23  In counts one through five of their complaint, Plaintiffs allege actions and inactions
24  of Defendants that exhibited Defendants' deliberate indifference to Decedent's health and safety.
25  Plaintiffs also allege that Defendants knew or should have known that their actions and inactions
26  would result in the violation of Decedent's constitutional rights.  In count six, Plaintiffs allege that

4

1  Defendants had a special relationship with Decedent such that Defendants had a special duty to
2  protect Decedent from harm.  It appears that counts seven and eight only name Jones-Johnson as a
3  Defendant, and are therefore, not relevant to the Court's discussion.

4  Defendants respond to Plaintiffs' allegations by arguing that in order to establish
5  deliberate indifference, Plaintiffs must allege facts to show that Defendants consciously
6  disregarded a known and excessive risk to Decedent's health and safety.  In counts one through
7  five, Defendants contend that Plaintiffs fail to identify the known and excessive risk, and fail to
8  allege facts which establish Defendants had knowledge of the risk of neglect or abuse and acted
9  with deliberate indifference.  Also, in count six, Defendants contend that Plaintiffs simply alleges
10 a negligence cause of action.  Defendants do not address counts seven and eight as those counts
11 only make allegations against Jones-Johnson.

12  Generally, the state has no duty to protect individuals from privately inflicted harm.
13 *Deshaney v. Winnebago County Dept. of Soc. Servs.*, 489 U.S. 189, 197 (1989).  However, in
14 situations where the state enters into a special relationship with a particular citizen, the state can be
15 held liable for failing to protect that citizen from the private actions of third parties.  *See, e.g.,*
16 *Estelle v. Gamble*, 429 U.S. 97 (1976) (holding that the state had an affirmative duty to provide
17 adequate medical care to incarcerated individuals since such individuals cannot care for
18 themselves); *Youngberg v. Romero*, 457 U.S. 307 (1982) (holding that the state had a duty to
19 provide involuntarily committed mental patients with services necessary to insure their reasonable
20 safety); *Taylor ex rel. Walker v. Ledbetter*, 818 F.2d 791 (11th Cir. 1987) (en banc) (finding that
21 when a state removed a child from his parents and placed that child in foster care, the state
22 assumed a special relationship with that child such that the state was responsible for finding and
23 keeping the child in a safe environment).  Such liabilty is imposed "under § 1983 when the state
24 fails, under sufficiently culpable circumstances, to protect the health and safety of the citizen to
25 whom it owes an affirmative duty."  *D.R. by L.R. v. Middle Bucks Area Vocational Technical*
26 *Sch.*, 972 F.2d 1364, 1369 (3d Cir. 1992).

AO 72
(Rev. 8/82)

In this case, Plaintiffs allege that Defendants had an affirmative duty to protect Decedent from harm.  In complete disregard of that duty, Plaintiffs allege that Defendants were deliberately indifferent to Decedent's constitutional rights.  To establish such a claim, and to withstand the instant Motion to Dismiss, Plaintiffs must show Defendants "knew of, and nevertheless disregarded, an excessive risk to [Decedent's] health and safety.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Taylor ex rel. Walker*, 818 F.2d at 797 (quoting *Doe v. New York City Dept. of Soc. Servs.*, 649 F.2d 134, 145 (2d Cir. 1981)) (stating that defendants may be held liable under § 1983 if they exhibited deliberate indifference to a known injury, known risk, or a specific duty and their failure to perform the duty or act to ameliorate the risk of injury was a proximate cause of plaintiff's deprivation of rights under the Constitution.)  "'[D]eliberate indifference entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)(quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

In light of the aforementioned, the Court finds that Plaintiffs have sufficiently alleged that Defendants were deliberately indifferent to Decedent's constitutional rights.  In their complaint, Plaintiffs specifically allege that Defendants knew or should have known that their failure to implement certain policies and procedures would result in harm to Decedent.  Plaintiffs also allege that neither the license nor the agreement for foster care informed Jones-Johnson of certain agency regulations.  By failing to inform Jones-Johnson of these regulations, Plaintiffs assert that Defendants acted with deliberate indifference to Decedent's constitutional rights.   That Defendants failed to investigate Jones-Johnson, improperly licensed Jones-Johnson, and failed to supervise Decedent while in Jones-Johnson's care further indicates Defendants' deliberate indifference to Decedent's health and safety.  In making the above allegations, Plaintiffs effectively assert that Defendants had a duty to perform specific actions and Defendants' failure to do so resulted in the deprivation of Decedent's constitutional rights.

AO 72
(Rev. 8/82)

It is enough at this stage that Plaintiffs have sufficiently apprised Defendants of the claims being lodged against them. The Court is unconcerned, at this point, with whether Plaintiffs have proved that Defendants knew or should have known that their actions or failure to take certain actions would violate Decedent's constitutional rights, or that Defendants acted with deliberate indifference towards Decedent's health and safety. These issues can be addressed in further proceedings. While it is true that the Ninth Circuit has not addressed the issue of § 1983 liability in the foster care context, the Eleventh Circuit has addressed the issue with which this Court is now concerned. In *Taylor ex rel. Walker v. Ledbetter*, 818 F.2d 791 (11th Cir. 1987) (en banc), the Eleventh Circuit held that the plaintiff sufficiently alleged a § 1983 claim against the state and county officials involved in plaintiff's placement in the foster home. In that case, the plaintiff alleged that the officials: "(1) failed to thoroughly investigate the fitness of the foster home; (2) knew or should have known the foster parents were unfit to be trusted with [the plaintiff's] care, custody, and supervision; (3) failed to maintain proper supervision in inspection of the foster home; and (4) failed to obtain complete physical and medical records, or to furnish available records to the foster parents." *Taylor*, 818 F.2d at 793. The allegations made in *Taylor* are substantially similar to the allegations made by Plaintiffs in this case. Consequently, the Court finds, like the Eleventh Circuit found in *Taylor*, that Plaintiffs' complaint sufficiently allege a claim pursuant to § 1983.

### 1. Defendants' Liability

Defendants next argue that Plaintiffs fail to allege that an official policy or custom was the moving force behind the violation of Decedent's constitutional rights, or even if such a policy or custom existed that it was under the direction of Rothchild and Hidveghy. Defendants thus argue that liability under a respondeat superior theory will not lie. Defendants also argue that Plaintiffs fail to allege facts demonstrating Rothchild and Hidveghy's individual misconduct.

In their complaint, Plaintiffs do not allege that CCDFS had a policy, practice, or custom that caused its employees to violate Decedent's constitutional rights. Instead, Plaintiffs

allege that CCDFS failed, by way of omissions, to implement or develop programs, procedures, and guidelines to ensure the safety of foster care children. Plaintiffs also allege that CCDFS failed to provide training to foster care social workers and supervisors regarding, *inter alia*, investigation and licensing of prospective foster parents. Plaintiffs allege that CCDFS knew or should have known that their failure to take the alleged actions would violate Decedent's rights, and furthermore, in failing to take the alleged actions CCDFS were deliberately indifferent to Decedent's constitutional rights. The Court finds that Plaintiffs adequately allege that CCDFS's omissions caused its employees, namely Rothchild and Hidveghy, to violate Decedent's constitutional rights.

Contrary to Defendants' contention, the Court finds that Plaintiffs have alleged facts to show the individual misconduct of Rothchild and Hidveghy. In fact, Plaintiffs claim, among other things, that Rothchild and Hidveghy knew or should have known that their failure to take certain measures would result in harm to Decedent's health and safety. Moreover, Plaintiffs allege that Hidveghy and Rothchild improperly licensed Jones-Johnson, and failed to supervise and protect Decedent while in Jones-Johnson's care.

For all of the reasons stated, the Court finds that Plaintiffs' complaint sufficiently allege facts to demonstrate Defendants' liability under § 1983.

**B. Acting Under Color of Law**

There is no dispute as to whether Defendants were acting under color of state law in allegedly violating Decedent's constitutional rights, therefore, the Court finds that Plaintiffs have sufficiently alleged this element.

**III. Punitive Damages**

In counts one through seven, Defendants assert that Plaintiffs pled entitlement to punitive and exemplary damages pursuant to § 42.005 of the Nevada Revised Statues. This statue, Defendants contend, addresses the availability of punitive damages in state tort cases and is not applicable to Plaintiffs' federal claim. Plaintiffs fail to dispute Defendants' contention, and the

8

Court finds that Plaintiffs improperly alleged punitive damages pursuant to a Nevada state statute for their § 1983 claim. Consequently, Plaintiffs are directed to file an amended complaint omitting the allegation of punitive damages pursuant to Nevada Revised Statute § 42.005 from the counts arising under § 1983.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants Rothchild and Hidveghy's Motion to Dismiss (#17) is DENIED.

IT IS FURTHER ORDERED that Defendant Clark County's Motion to Dismiss (#30) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs file an amended complaint within thirty (30) days of this Order as indicated by the Court.

Dated: September 8, 2006.

_____
**ROGER L. HUNT**
**United States District Judge**